## State v. Poole
*[Cite as 7 AOA 91]*

*Case No. 1-89-47, 1-89-48, 1-89-49*
*Allen County, (3rd)*
*Decided September 26, 1990*

*Robert L. Poole, Jr., In Propria Persona, #192-940, P.O. Box 4571, Lima, Ohio 45802, for Appellant.*

*David E. Bowers, Prosecuting Attorney, 204 North Main Street, Lima, Ohio 45801, for Appellee.*

GUERNSEY, J.

These are three appeals which were consolidated in this Court for briefing and oral argument, although thereafter the appellee, State of Ohio, did not file an appellee's brief and was denied oral argument and the appellant, Robert L. Poole, Jr., was incarcerated and could not appear for oral argument. All three appeals originated in the Lima Municipal Court and are from a judgment of that court, in each case, denying the appellant's post-conviction remedy

petition, filed in each case, for want of jurisdiction.

In our case No. 1-89-47, Poole had been convicted in municipal court case No. 36373 of the misdemeanor crime of domestic violence in violation of R.C. 2919.25(A), sentenced to 180 days in the Allen County Jail and fined $1,000. In our case No. 1-89-48, Poole had been convicted in municipal court in case No. 36374 of the misdemeanor crime of criminal trespass in violation of Section 642.12A(1) of the Codified Ordinances of the City of Lima, Ohio, sentenced to 30 days in the Allen County Jail to be served consecutively to the sentence in case No. 36373, and fined $250.

In our case No. 1-89-49, Poole had been convicted in municipal court case No. 37281 of the misdemeanor crime of a violation of a protection order proscribed by R.C. 2919.27(A), sentenced to 30 days in the Allen County Jail to be served consecutively to the sentences in cases No. 36373 and 36374, and fined $250. It appears in each case that he was committed to and received in jail in 1986, but the record transmitted to us is silent as to whether he had served each of the sentences.

The current proceedings were initiated by Poole, *pro se*, by the filing in Lima Municipal Court in each case on January 31, 1989 of a "Petition to Vacate or Set Aside Sentence Pursuant to Section 2953.21 of O.R.C." The Lima Municipal Court "denied and overruled" the defendant's petition finding that no postconviction relief exists under R.C. 2953.21 from the municipal court for the convictions here involved.

Appellant assigns that the trial court erred and abused its discretion in denying and overruling his petition to vacate sentence and thereby rendered such decision maliciously to further impede appellant's allegations.

The leading case dealing with whether a municipal court has jurisdiction to determine a post conviction remedy petition is *Dayton v. Hill*, 21 Ohio St. 2d 125, in which Justice Herbert made an extensive review of the Postconviction Remedy Act and concluded that it does not apply to persons convicted of violating a municipal ordinance. Based on the reasoning therein we likewise conclude that it does not apply to misdemeanor convictions in a municipal court under state statute.

It is apparent from the foregoing that the review of convictions by means of a post-conviction petition lodged under the provisions of R.C. 2953.21 is authorized only as to convictions in common pleas court. No authority is vested in the municipal court to review any convictions pursuant to the Postconviction Remedy Act, be they under the provisions of state statutes or municipal ordinances. We therefore find that the Lima Municipal Court had no authority to review the three convictions here involved and that it did not commit error in denying the appellant's petition for review under the provisions of R.C. 2953.21.

Having found no error as assigned and argued by the appellant, the judgment of the lower court, in each case, is affirmed.

*Judgments affirmed.*

MILLER, P.J., and HADLEY, J., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

RONALD E. HADLEY, J., retired, of the Court of Common Pleas of Logan County, sitting by assignment in the Third Appellate District.